IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTHUR J. SMITH | § | |
|     PLAINTIFF, | § | |
| | § | |
| vs. | § | Civil Action No. 4:15-cv-1405 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| WILLIAM GARNER | § | Jury Demand |
|     AND | § | |
| COASTAL PRINTWORKS, INC. | | |
|     DEFENDANTS. | | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff, Arthur J. Smith, ("Mr. Smith") brings this action against Houston Independent School District and Coastal Printworks, Inc. (collectively, "Defendants"). In bringing this action, Plaintiff presents the following:

## NATURE OF ACTION

1. The action is brought to remedy breach of contract, to remedy discrimination in violation of 42 U.S. Code § 1981, remedy copyright infringement in violation of 17 U.S.C. § 101 et seq, tortious interference with business, and defamation.

## JURISDICTION

2. This Court has jurisdiction over this case pursuant to 28 U.S.C §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

3. Venue in this Court is appropriate pursuant to 42 U.S.C § 12117 (a), 42 U. S. C. §2000E-5 (f) (3), and 28 U. S. C. §1391 because the employment practices involved in this dispute occurred in Harris County, Texas. Thus, venue is proper in the Southern District of Texas.

4. This court has personal jurisdiction over Houston Independent School District ("HISD"). Specifically, HISD is located in and engages in business in Harris County, Texas. Thus, HISD has sufficient minimum contacts with Texas to establish both specific and general jurisdiction of this Court.

5. This Court has personal jurisdiction over William Garner ("Mr. Garner"). Specifically, Mr. Garner was employed in Harris County and is located in Texas. The claims arise from his activities in Texas. Thus, Mr. Garner has sufficient minimum contacts with Texas to establish both specific and general jurisdiction of this Court.

6. This Court has personal jurisdiction over Coastal Printworks, Inc. ("Coastal"). Specifically, Coastal engaged in business in Harris County, Texas. Moreover, the claims against Coastal are related to the activity that Coastal Printworks, Inc. engaged in Harris County, Texas. Thus, Coastal Printworks, Inc. has sufficient minimum contacts with Texas to establish specific jurisdiction, if not general jurisdiction, of this Court.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (Federal Question) and 1367 (Supplemental Jurisdiction).

## ADMINISTRATIVE PROCEEDINGS

8. All known conditions precedent to this lawsuit within the meaning of 9 (c) of the Fed. R. Civ. Pro. have been performed or have otherwise occurred.

## PARTIES

9. Plaintiff, Mr. Smith is a resident of Harris County, Texas.

10. Defendant, HISD is a department within a government agency located in Houston, Texas. Defendant's principal place of business is in Houston, Harris County, Texas, and it may be served with citation by serving its Superintendent, Terry B. Grier, at

4400 West 18th Street, Houston, Texas 77092.

11.     Defendant, Mr. Garner, is an individual who is or was employed by HISD.

12.     Defendant, Coastal, is a California corporation that may be served through the Secretary of State.

## FACTS

13.     Plaintiff is in the business of designing, producing, and distributing clothing.

14.     Defendant, HISD, is comprised of several schools that have purchased customized shirts from Plaintiff.

15.     On or about December 2011, Plaintiff and HISD agreed that Plaintiff would design and produce shirts for HISD in exchange for compensation. *See*, *e.g.* Exhibit A.

16.     Plaintiff designed logos for HISD retaining the title and rights to the images that were to be printed. *See* Exhibit B.

17.     On or about May 2012, Plaintiff and HISD, through Rosa Hernandez, agreed that Plaintiff would produce 2,103 shirts in exchange for $12,618.00. However, soon after, Bill Gardner stated that in order to do work with Plaintiff, Plaintiff would need to join or co-contract with BBad Sports, an all-black clothing company. Through information or belief, other companies with white employees were not required to join BBad Sports, nor were they required to co-contract their efforts by joining an all-white company.

18.     On or about June 12, 2012, HISD sent Plaintiff a cease and desist letter to Plaintiff, preventing Plaintiff from performing under the agreed terms. *See* Exhibit C.

19.     Despite refusing to do further business with Plaintiff, HISD contracted with Coastal to produce the shirts for HISD. HISD continued to reproduce or caused Plaintiff's work to be produced by Coastal, another company that provides custom clothing for

HISD.

20. Defendants produced clothing with Plaintiff's images to be sold to the general public. However, Plaintiff never gave Defendant permission to use his images and protested against Defendants' use of the images by a grievance.

21. Plaintiff filed multiple grievances encompassing claims within the instant complaint. Defendants promised that the matter would be resolved, but did not investigate the claims. The grievances, as a result, were not resolved.

22. Plaintiff filed several grievances with HISD. However, HISD refused to compensate Plaintiff for using the images and continued to refuse to do business with Plaintiff.

## COUNT I – BREACH OF CONTRACT

23. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Complaint.

24. On or about May 2012, Plaintiff and HISD executed a valid and enforceable written contract. Plaintiff attaches a copy of the contract as Exhibit A and incorporates it by reference. The contract provided that Plaintiff would produce 2,103 t-shirts for Defendants in exchange for $12,618. Plaintiff has standing to enforce the contract because Plaintiff is an assignee of the contracting party's contractual rights.

25. On or about June 11, 2012, Defendants breached the contract by refusing to perform under the contract after entering into the contract with Plaintiff. Consequently, Plaintiff seeks to recover compensatory damages, reliance damages, attorney's fees, and all other relief to which plaintiff is entitled to.

## COUNT II – DISCRIMINATION IN VIOLATION OF 42 USC §1981

26. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Complaint.

27. Defendants refused to contract with Plaintiff because Plaintiff was African American. Defendant told Plaintiff to join or co-contract with BBad Sports, an all-black clothing company because they were black.

28. Defendant did not make this condition a requirement for companies with owners of a different race. Moreover, Defendant refused to do business with Plaintiff and breached its contract with Plaintiff as a result.

29. Pursuant to 42 U.S.C.A. § 1981, Plaintiff brings this action against Defendants for all violations Defendants has committed of 42 U.S.C.A. § 1981, which may be revealed, through discovery or otherwise.

## COUNT III- RETALIATION IN VIOLATION OF 42 USC §1981

30. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Complaint.

31. Plaintiff filed grievance(s) in response to the treatment that he received by HISD. HISD responded by defaming Plaintiff's company by prohibiting other schools under HISD from contracting with Plaintiff. In addition, Defendants absconded with Plaintiff's copyrighted images for its own purposes.

32. Plaintiff suffered actual damages and loss for which he herein sues. Plaintiff seeks un-liquidated damages within the jurisdictional limits of this court.

## COUNT IV-COPYRIGHT INFRINGEMENT

33. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Complaint.

34. Plaintiff designed several images for HISD to use on shirts that Plaintiff would produce for Burbank Middle School ("Burbank"). Defendant did not purchase any rights to the images.

35. Defendants reproduced Plaintiff's images for purposes of creating and selling of its own shirts. Defendant failed to compensate Plaintiff for the use of the copyrighted images.

36. Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiffs' rights.

37. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

38. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff believes that unless Defendants are enjoined and restrained by this Court, Defendants will continue to infringe upon Plaintiff's rights in the Infringed Composition. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

39. Plaintiff suffered actual damages and loss for which he herein sues. Plaintiff seeks un-liquidated damages within the jurisdictional limits of this court.

## COUNT V- TORTIOUS INTERFERENCE OF BUSINESS

40. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Complaint.

41. Defendants made defamatory statements to prevent Plaintiff from being able to sell shirts to HISD's schools.

42. Defendants made defamatory statements regarding Plaintiff's vendor status so that Coastal could sell Plaintiff's copyrighted images.

43. Defendants knew that Plaintiff had a contract with Burbank to provide it with t-shirts. Defendants' statements that Plaintiff was not a valid vendor caused Burbank to breach its contract with Plaintiff.

44. Plaintiff suffered actual damages and loss for which he herein sues. Plaintiff seeks un-liquidated damages within the jurisdictional limits of this court.

## COUNT VI-DEFAMATION

45. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Complaint.

46. Defendants stated that Plaintiff was not a vendor who could do business with schools under HISD. This statement was dispersed on numerous occasions to other members and/or schools of HISD in order to prevent Plaintiff from being able to sell shirts to Defendant.

47. Plaintiff's reputation and profession suffered because HISD's schools subsequently refused to do any further business with Plaintiff.

48. Despite Defendants statement, Plaintiff has actually been a valid vendor for several years prior to the defamatory statement.

49. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

Plaintiff's injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code § 41.003(a)(2).

## VICARIOUS LIABILITY

50.     Defendants are vicariously liable for each claim mentioned herein. Whenever in this petition it is alleged that Defendants committed any act of omission, it is meant that the Defendants and/or the Defendants' officers, directors, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendant's officers, directors, agents, servants or employees.

## JURY DEMAND

51.     Plaintiff demands a jury trial as to all counts.

## PRAYER FOR RELIEF

52.     **WHEREFORE**, Plaintiff requests the Defendants be cited to appear and answer, and that on hearing Plaintiff be awarded (1) litigation expenses, (2) compensatory damages, (3) punitive damages, (4) liquidated damages, (5) unliquidated damages, (6) court costs, (7) prejudgment and post judgment interest, (8) attorney's fees and (10) all other remedies deemed appropriate by law to which he may be entitled.

[Signature Block Follows]

Respectfully submitted,

**JONES & ASSOCIATES, PLLC**
723 Main St., Suite 902
Houston, Texas 77002
Tel: 832.529.2220
Fax: 832.827.3989

/s/ Don Nguyen_____
DON NGUYEN
Texas Bar No. 24092897
Federal Bar No. 2489493
dnguyen@texasjoneslaw.com

DASEAN A. JONES
djones@texasjoneslaw.com
**ATTORNEYS FOR PLAINTIFF,
ARTHUR J. SMITH**