United States District Court
Southern District of Texas
**ENTERED**
January 17, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTHUR J. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-401 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, *et al.* | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This case presented a claim that a school district infringed a vendor's intellectual property. The plaintiff, Arthur Smith, designs and produces customized t-shirts. He alleged that Houston Independent School District (HISD) tortiously broke off an arrangement for Mr. Smith to produce logo t-shirts for a school in the district. At a hearing on June 21, 2016, the court granted the defendants' motion to dismiss the second amended complaint without prejudice and allowed Mr. Smith to replead to try to address the problems with the complaint that led the court to find it deficient.[1] (Docket Entry No. 33). Mr. Smith filed his third amended complaint on July 15, 2016. (Docket Entry No. 36). The defendants moved to dismiss, (Docket Entry No. 38), Mr. Smith responded, (Docket Entry No. 39), and the defendants replied, (Docket Entry No. 40). Based on the pleadings, the applicable law, and the arguments of counsel, the defendants' motion to dismiss is granted. Because further amendment would be futile, the dismissal is with prejudice. Final judgment is entered by separate order.

---

[1] Mr. Smith proceeded pro se when he filed his first amended complaint. He is now represented by counsel. (Docket Entry No. 35).

1

The reasons for this decision are explained below.

**I.     Background**

Mr. Smith operates a business that designs and produces customized clothing.  According to his third amended complaint, Mr. Smith has produced t-shirts for numerous schools in the HISD system in the past.  (Docket Entry No. 36 ¶¶ 19, 22).  In May 2012, he contracted with HISD to produce 2,103 shirts for $12,618.  (*Id.* ¶ 33).  Mr. Smith alleges that William Garner, an HISD senior procurement officer, required him to co-contract with another vendor, but Mr. Smith refused to do so.  (*Id.* ¶ 26).  On June 12, 2012, HISD cancelled outstanding orders with Mr. Smith and sent him a cease-and-desist letter to prevent him from conducting any further business with schools in the district.  (*Id.* ¶ 35).  Mr. Smith alleges that HISD contract with Coastal Enterprises, a California-based clothing producer, to fill the outstanding t-shirt order that HISD did not allow him to complete, and that Coastal used and is using his custom designs for the HISD shirts.  (*Id.* ¶¶ 54, 57–59).

On February 15, 2016, Mr. Smith sued HISD, Mr. Garner, and Coastal Enterprises, alleging breach of contract, copyright infringement, tortious interference of business, defamation, and violations of 42 U.S.C. § 1981 because, allegedly, "Defendants refused to contract with Plaintiff because Plaintiff was African American."  (Docket Entry No. 1 ¶ 27).  The defendants moved to dismiss.  (Docket Entry Nos. 14, 16).  At a motion hearing on June 21, 2016, the court granted the motions to dismiss without prejudice and identified some of the specific problems with the complaint allegations. The problems included that: (1) the statute of limitations barred the copyright claim; (2) the Texas Local Government Code and Texas Tort Claims Act immunized the HISD defendants from suit or liability; (3) the complaint did not sufficiently allege the elements of a

copyright infringement claim; and (4) Coastal was not a party to the contract and could not be sued for contract claims. (Docket Entry No. 33).

On July 15, 2016, Mr. Smith, now represented by counsel, filed his third amended complaint (mistitled "Fourth Amended Petition"). (Docket Entry No. 36). The amended complaint abandons the § 1981 claims but does not address the other deficiencies identified by the court. Instead, it adds two new parties—HISD procurement employees Odessa Mattern and Amiri Scott—and twelve new causes of action, including conspiracy, fraud, bribery, extortion, common law conversion, business disparagement, additional theories of tortious interference, intentional infliction of emotional distress, and a violation of the Racketeering Influenced and Corrupt Organizations Act (RICO). (*Id*.). The defendants moved to strike the amended complaint for exceeding the court's instructions, or in the alternative, to dismiss. (Docket Entry No. 38). For the reasons set out below, the motion to strike is denied, but the motion to dismiss is granted with prejudice and without leave to amend. As a result, final judgment is also entered.

## II.     The Legal Standard for Dismissal

The court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss*., 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). A plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F.Appx. 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

4

**III.    Analysis**

    **A.    The Claims Against the HISD Defendants**

        **1.    The Breach of Contract Claim**

"Governmental immunity . . . protects political subdivisions of the State, including . . . school districts" from suit and liability. *Tooke v. City of Mexia*, 197 S.W.3d 325, 311 n.11 (Tex. 2006). While § 271.152 of the Texas Local Government Code provides a limited waiver of governmental immunity for certain breach of contract claims, § 271.156 explicitly exempts suits in federal court from that waiver. TEX. LOCAL GOV'T CODE § 271.156 ("This subchapter does not waive sovereign immunity to suit in federal court."); *see also Nationwide Public Ins. Adjusters v. Edcough-Elsa I.S.D.*, 913 F.Supp.2d 305, 311 (S.D. Tex. 2012) (dismissing breach of contract claim against a Texas school district because "§ 271.152 does not waive EEISD's governmental immunity to suit in federal court."). The court lacks subject matter jurisdiction over Mr. Smith's state-law breach of contract claim against HISD. Further amendment would be futile. *See Khan v. College of the Mainland*, Civil No. 13-436, Docket Entry No. 15 (S.D. Tex. May 28, 2014) (amending a breach of contract claim "would be futile because [the defendant college] has sovereign immunity against such an action in this federal forum") (citing *Nationwide Ins. Adjusters*, 913 F.Supp.2d at 310).

As for the individual HISD defendants, the complaint does not allege, and the contract attached to the complaint does not show, that any of these defendants signed the contract at issue. (Docket Entry No. 36, Ex. 2). Under Texas law, they cannot be liable for breach of contract. *Ostrovitz & Gwinn, LLC v. First Specialty Ins. Co.*, 393 S.W.3d 379, 387–388 (Tex. App.—Dallas 2012, no pet.) (citing cases).

Count III (breach of contract) of the amended complaint against the HISD defendants is

dismissed. The dismissal is with prejudice because amendment would be futile.

### 2. The Intentional Tort Claims

The Texas Tort Claims Act "creates a limited waiver of sovereign immunity." *Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009) (internal citation and quotation marks omitted). "A governmental unit in the state is liable [for certain torts] if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021. The Texas Tort Claims Act provides that "a suit under this chapter against a government unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." *Id.* § 101.106(a). If a plaintiff sues both the governmental unit and individual employees of that unit, "the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *Id.* § 101.106(e). Mr. Smith sued both HISD and individual employees, and HISD has moved to dismiss the individual employees.[2] (Docket Entry Nos. 14, 38). The tort claims against the individual employees are dismissed and, under the Texas Tort Claims Act, "forever bar[red]." Further amendment would be futile. *See Van Deelen v. Cain*, 628 F.App'x 891, 900 (5th Cir. 2015) ("[N]o amended pleading can moot [a plaintiff's] initial election, which must be and was made 'at the outset' of the litigation.") (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) (§ 101.106 "force[s] a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope

---

[2] Mr. Smith's attempt in the third amended complaint to sue HISD as to only some counts and the individual defendants as to others is unavailing. Mr. Smith chose to sue both HISD and Mr. Garner in his original complaint. Under the Texas Tort Claims Act, his choice to proceed under a theory of vicarious liability cannot be revoked at a later stage in litigating over the same transaction or operative facts, even if Mr. Smith has identified new individual parties to sue. TEX. CIV. PRAC. & REM. CODE § 101.006.

of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defendant redundant litigation and alternative theories of recovery")).

The Texas Torts Claim Act does not waive a school district's governmental immunity for intentional torts. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort. . . ."); *see also Goodman*, 571 F.3d at 394 ("Furthermore, the TTCA does not apply to claims arising out of an intentional tort."). HISD is governmentally immune from the intentional tort claims pleaded both in Mr. Smith's original complaint and the many new claims added in the amended complaint. *See Kheiv v. Comal Indep. Sch. Dist.*, Civil No. 03-977, 2014 WL 1518818 (W.D. Tex. July 19, 2004) (dismissing intentional infliction of emotional distress claim against a Texas school district under governmental immunity); *Appleberry v. Fort Worth Indep. Sch. Dist.*, Civil No. 12-235, 2012 WL 5076039 (N.D. Tex. Oct. 17, 2012) (dismissing defamation claim against a Texas school district under governmental immunity).

Mr. Smith argues that governmental immunity from tort claims does not extend to claims arising from an entity's proprietary rather than governmental functions. (Docket Entry No. 39 at 9–12). However, in Texas, the distinction between proprietary and governmental functions "only applies to municipalities." *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 430 n.3 (Tex. 2016). Under Texas law, a "school district is purely a governmental agency," and "perform[s] no proprietary functions which are separate and independent of [its] governmental powers." *Id.* (quoting *Braun v. Trs. of Victoria Indep. Sch. Dist.*, 114 S.W.2d 947, 950 (Tex. App.—San Antonio 1938, writ ref'd)). Mr. Smith's proprietary-function theory cannot get around HISD's governmental

7

immunity.

Counts II (conspiracy), IV (tortious interference with existing contract), V (tortious interference with prospective contract), VI (tortious interference with business relations), VII (tortious interference with business opportunities), VIII (fraud), IX (extortion), X (bribery), XI (civil conversion), XIII (defamation), XIV (business disparagement), XV (intentional infliction of emotional distress), and XVI (exemplary damages) of the amended complaint against the HISD defendants are dismissed. The dismissal is with prejudice because amendment would be futile.

### 3. The Copyright Infringement Claim

Mr. Smith seeks damages under 17 U.S.C. § 504(b) for copyright infringement. "To prove copyright infringement, a plaintiff must show ownership of a valid copyright and actionable copying." *Galiano v. Harrah's Operating Co., Inc.*, 416 F.3d 411, 414 (5th Cir. 2005). "Copyright ownership is shown by (1) proof of originality and copyrightability and (2) compliance with the applicable statutory requirements." *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 408 (5th Cir. 2004). The Copyright Act requires that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).

"Civil actions under the Copyright Act must be brought within three years after the claim has accrued." *Axxiom Mfg., Inc. v. McCoy Inv., Inc.*, 846 F.Supp.2d 732, 743 (S.D. Tex. 2012) (citing *Jaso v. The Coca Cola Co.*, 435 F.App'x 346, 352 (5th Cir. 2011) (per curiam); *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011)). In the Fifth Circuit, "a copyright claim accrues 'when [the party] knew or had reason to know of the injury upon which the claim is based.'" *Jordan v. Sony BMG Music Entm't Inc.*, 354 F.App'x 942, 945 (5th Cir. 2009) (per curiam) (quoting *Pritchett*

*v. Pound*, 473 F.3d 217, 220 (5th Cir. 2006)).

Mr. Smith has not registered or taken steps to register a copyright. According to his complaint, Mr. Smith knew or had reason to know that HISD was allegedly continuing to use his designs when it sent the June 12, 2012 cease-and-desist letter. (Docket Entry No. 36 ¶¶ 35, 58–59). More than three years elapsed before Mr. Smith filed suit on February 15, 2016. The defendants argued in both their April 13 and July 28 motions to dismiss that Mr. Smith's failure to register or to timely initiate a suit barred his copyright claim. (Docket Entry Nos. 14, 38). Mr. Smith's amended complaint does not correct the deficiency, and indeed, his response to the motion to dismiss does not mention the copyright claim at all. (*See* Docket Entry No. 39). Because the copyright claim is factually insufficient, time-barred, and abandoned, further amendment would be futile.

Count XII (copyright infringement) is dismissed with prejudice.

### 4. The RICO Claim

For the first time in his third amended complaint, Mr. Smith alleges that the defendants engaged in a pattern of racketeering activities in violation of 18 U.S.C. § 1962(c) and conspired to engage in such activities in violation of § 1962 (d). (Docket Entry No. 36 ¶¶ 69–75). In order to bring a RICO claim under Sections 1962(c) and (d), a plaintiff must allege "1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise." *In re Burzynski*, 989 F.2d 733, 741 (5th Cir. 1993) (internal quotations and citation omitted). To establish a "pattern of racketeering activity" a plaintiff must show "at least two predicate acts of racketeering that are related and amount to or pose a threat of continued criminal activity." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc*., 975 F.2d 1134, 1139–40 (5th Cir. 1992). The

plaintiff must plead the elements of the criminal offenses that comprise the predicate acts. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). Finally, "because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must specifically allege such an agreement." *Tel-Phonic Servs., Inc.*, 975 at 1140.

As a government unit, HISD is not a proper RICO defendant as a matter of law. *Gil Ramirez Grp., L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 413 (5th Cir. 2015); *see also Alliance v. Alternative Holistic Healing, LLC*, Civil No. 15-349, 2016 WL 223815 (D. Colo. Jan. 19, 2016) ("Every federal appellate court to consider the issue has held that government entities are not subject to RICO, either because they are incapable of forming a specific criminal intent, and/or because exemplary damages are not available against municipal corporations." (collecting cases)). The RICO claim against HISD is dismissed. As a matter of law, further amendment would be futile.

The defendants in their motion to dismiss argued that the RICO claim failed because: (1) Mr. Smith alleged at most only one criminal offense,[3] which cannot establish a "pattern of racketeering activity," *see Foster v. Capshaw*, 72 F.App'x 192, 192–93 (5th Cir. 2003) (per curiam) (dismissing a claim that alleged a single predicate act "threatening no future criminal conduct") (internal quotation marks and citation omitted); (2) Mr. Smith did not plead sufficient facts to demonstrate an agreement under § 1962 (d), *see Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 551 (5th Cir. 2012); and (3) the HISD employees have qualified immunity from suit because "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable

---

[3] For the first time in his third amended complaint, Mr. Smith alleges that an HISD procurement employee attempted to engage Mr. Smith in a "pay-to-play" scheme. (Docket Entry No. 36 ¶ 30). Mr. Smith also alleges that Mr. Garner's requirement that Mr. Smith co-contract with another vendor supports a RICO claim. (*Id.* ¶ 74). Even if that allegation is true, however, the conduct does not amount to a criminal act for purposes of "racketeering activity" under RICO. *See Bonton v. Archer Chrysler Plymouth*, 889 F.Supp. 995, 1002 (N.D. Tex. 1995) (dismissing alleged action not defined as a "racketeering activity").

10

person would have known," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 622 (N.D. Tex. 2007) (dismissing RICO claim against individual defendant under qualified immunity) (citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 588 (5th Cir. 1999)).

Mr. Smith's response to the motion to dismiss does not mention RICO or attempt to rebut the defendants' arguments. (*See* Docket Entry No. 39). The amended complaint asserts only conclusory allegations that the "Defendants conspired and engaged [in] schemes or acts directed to acquire an interest in or establish an enterprise in or affecting interstate commerce." (Docket Entry No. 36 ¶ 71). The RICO claim is factually insufficient and abandoned in Mr. Smith's response. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (claim abandoned when plaintiff failed to contest arguments for dismissal) (citing *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001). Because Mr. Smith did not even raise the claim until his third amended complaint and now abandons it in his response, the court finds that further amendment would be futile.

Count I (RICO) is dismissed with prejudice.

### B. The Claims Against Coastal Enterprises

#### 1. Time-Barred and Legally Insufficient Claims

For the reasons stated above, Mr. Smith's RICO and copyright infringement claims fail against Coastal Enterprises because they are legally insufficient. Mr. Smith has not alleged "a pattern of racketeering activity." *See* Part III.A.4. *supra*. He has not registered for a copyright nor pursued a copyright infringement claim within the three-year limitations period. *See* Part III.A.3. *supra*. Counts I (RICO) and XII (copyright infringement) are dismissed with prejudice.

Several of Mr. Smith's other claims are not legally cognizable under Texas law. Texas law

does not recognize a civil extortion claim outside of claims against bail bondsmen. *See Kennedy Ship & Repair, L.P. v. Loc Tran*, 256 F.Supp.2d 678, 686 (S.D. Tex. 2003) (citing *Perkins v. Groff*, 936 S.W.2d 661, 667–68 (Tex. App.—Dallas, writ denied); *Bowles v. Reed*, 913 S.W.2d 652, 658 (Tex. App.—Waco 1995, no writ)). Count IX (extortion) is dismissed with prejudice.

Bribery is a crime under Texas law. TEX. PENAL CODE § 36.02. The Texas Penal Code does not create a private cause of action for bribery. *See Terry v. Oncor Delivery*, Civil No. 14-3496, 2014 WL 7174300 (N.D. Tex. Dec. 16, 2014); *In re Integrated Resources, Inc. Real Estate Ltd. Partnerships Sec. Litig.*, 851 F.Supp. 556 (S.D.N.Y. 1994). Count X (bribery) is dismissed with prejudice.

Texas law does not support a claim for civil conversion of intangible property unless the intangible property is merged with stolen tangible property (i.e., stolen documents). *See Waisath v. Lack's Stores*, 474 S.W.2d 444, 447 (Tex. 1971); *Express One Int'l v. Steibeck*, 53 S.W.3d 895, 901 (Tex. App.—Dallas 2001, no pet.). Mr. Smith identifies the converted property as "graphics, custom designs, and/or intellectual property or artwork used for printing shirts. . . ." (Docket Entry No. 36 ¶ 94). Mr. Smith's civil conversion claim seeks damages only for the alleged theft of intangible property. Count XI (civil conversion) is dismissed with prejudice.

Texas has a one-year limitations period for defamation. TEX. CIV. PRAC. & REM. CODE § 16.002. When a claim for business disparagement seeks ordinary damages for injury to reputation, the claim sounds in defamation and the one-year limitations period applies. *See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 147 (5th Cir. 2007). Otherwise, the limitations period for business disparagement is two years. *Newsom v. Brod*, 89 S.W.3d 732, 734 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Mr. Smith did not file suit until more than four years after

12

the conduct he challenges. *See* Part III.A.3. *supra*. Under either limitations period, his claims for defamation and business disparagement are time-barred. Counts XIII (defamation) and XIV (business disparagement) are dismissed with prejudice.

The third amended complaint does not allege, and the contract attached to the complaint does not show, that Coastal Enterprises signed the contract on which Mr. Smith pleads breach of contract. (Docket Entry No. 36, Ex. 2). Under Texas law, Coastal Enterprises cannot be liable for breach of contract. *Ostrovitz & Gwinn, LLC v. First Specialty Ins. Co.*, 393 S.W.3d 379, 387 (Tex. App.—Dallas 2012, no pet.) (citing cases). Count III (breach of contract) is dismissed with prejudice.

### 2. Factually Insufficient Claims

Four of Mr. Smith's claims sound in tortious interference. Under Texas law, a plaintiff must demonstrate that the defendant's willful and intentional act of interference induced a breach of contract or termination of a business relationship. *See Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). "[T]o establish the element of a willful and intentional act of interference, a plaintiff must produce some evidence that the defendant was more than a willing participant and knowingly induced one of the contracting parties to breach its obligations under a contract." *Funes v. Villatoro*, 352 S.W.3d 200, 213 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

Mr. Smith has not pleaded any facts that would support a plausible inference that Coastal Enterprises willfully or knowingly induced HISD to terminate its contract or business relationship with him. Mr. Smith's sole factual allegations against Coastal Enterprises are that "Garner had directed the business that would otherwise have gone to Plaintiff to Defendant Coastal, instead" and

that "in alienating Plaintiff's business relationships away from Plaintiff, Garner 1) told them specifically that they could not do business with Plaintiff, and 2) directed them specifically to Coastal. . . ." (Docket Entry No. 36 ¶¶ 54, 56). At most, Mr. Smith alleges that HISD's procurement officer Mr. Garner directed the termination of HISD's contract and business relations with Mr. Smith, and Coastal Enterprises was no more than a "willing participant." Mr. Smith does not allege facts to show that Coastal Enterprises even knew that Mr. Smith had a contract with HISD, much less that Coastal Enterprises willfully induced HISD to breach that contract and break off business dealings. The third amended complaint fails to state a claim of tortious interference under Texas law.[4] *See Funes*, 352 S.W.3d at 213.

The rest of Mr. Smith's claims fail for the same reason. Those claims are for conspiracy, fraud, intentional infliction of emotional distress, and exemplary damages. Under Texas law, the parties to an alleged conspiracy "must be aware of the harm or wrongful conduct at the inception of the combination or agreement." *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995). A claim of fraud must satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), including the requirement to plead with particularity the facts establishing the defendant's intent to defraud. *See Williams v. WMX Tech., Inc.*, 112 F.3d 175 (5th Cir. 1997). In Texas, the tort of intentional infliction of emotional distress has been "created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts sever emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2003) (citations omitted). And

---

[4] The tortious interference claims also appear to be time-barred by Texas's two-year limitations period. *First Nat'l Bank of Eagle Pass v. Levine*, 721 S.W.2d 287, 289 (Tex. 1986); *see also Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 356 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The parties did not raise or brief this defense.

exemplary damages are unavailable unless a plaintiff proves the legally culpable mental state. TEX. CIV. PRAC. & REM. CODE § 41.003(c). The third amended complaint does not sufficiently allege that Coastal Enterprises knew about Mr. Smith's business relationship with HISD or intended to disrupt that relationship.

Counts II (conspiracy), IV (tortious interference with an existing contract), V (tortious interference with a prospective contract), VI (tortious interference with a business relationship), VII (tortious interference with business opportunities), VIII (fraud), XV (intentional infliction of emotional distress), and XVI (exemplary damages) are dismissed. This is Mr. Smith's third amended complaint. Coastal Enterprises argued that Mr. Smith had failed to allege sufficient facts supporting a plausible inference of tortious intent in its motion to dismiss Mr. Smith's original complaint. (Docket Entry No. 16 at 11–12). After retaining counsel, Mr. Smith still does not allege sufficient facts or defend his failure to do so in his response. (*See* Docket Entry No. 39). "After three unsuccessful pleading attempts, further opportunities to amend would be futile." *Truong v. Alief Ind. Sch. Dist.*, Civil No. 16-427, 2016 WL 6680930 at *6 (S.D. Tex. Nov. 14, 2016). These counts are dismissed with prejudice.

## IV.     Conclusion

The defendants' joint motion to dismiss, (Docket Entry No. 38), is granted. The claims against the HISD defendants are barred by governmental immunity and Texas's election-of-remedies statute. The copyright infringement claim is barred by the limitations period. The RICO claim is factually and legally deficient. The claims against Coastal Enterprises are legally insufficient under Texas law or factually insufficient in their allegations of Coastal Enterprise's culpable mental state. Because further opportunities to replead would be futile, the third amended complaint is dismissed

with prejudice.  Final judgment is entered by separate order.

        SIGNED on January 17, 2017, at Houston, Texas.

                                      Lee H. Rosenthal
                                 Chief United States District Judge